FARWELL and others *v.* SPALDING.

*(Circuit Court, N. D. Illinois.  May 26, 1885.)*

CUSTOMS DUTIES—ADDITIONAL DUTY ON GOODS IN WAREHOUSE MORE THAN ONE YEAR—DATE OF ORIGINAL IMPORTATION.

*Held* that, as to goods which have been transported from an exterior port on first arrival to an interior port of transportation, the words "date of original importation" (section 2970, Rev. St.) mean the date of arrival of the goods at the interior port of destination.

At Law.

*Percy L. Shuman* and *Jo. H. Defrees, Jr.,* for plaintiff.

*Chester M. Dawes,* Asst. U. S. Atty., for defendant.

BLODGETT, J., *(orally.)*  The plaintiff in this case imported a quantity of goods by way of the port of New York, from whence they came under bond to the port of Chicago, and within a year after their arrival in Chicago, but more than a year after their arrival at the Atlantic port, plaintiffs offered to pay the duties and charges, but the customs officers here assessed an additional duty of 10 per cent. on the amount of duties and charges due thereon. Heyl, pt. 1, p. 57, § 2970. The plaintiff paid this added duty under protest, and now brings suit to recover the same.

The law under which it was claimed this additional duty had been incurred, reads as follows:

"Sec. 2970. Any merchandise deposited in bond in any public or private bonded warehouse may be withdrawn for consumption within one year from the date of original importation, on payment of the duties and charges to which it may be subject by law at the time of such withdrawal; and after the expiration of one year from the date of original importation, and until the expiration of three years from such a date, any merchandise in bond may be withdrawn for consumption, on payment of the duties assessed on the original entry, and charges, *and an additional duty of* 10 *per centum on the amount of such duties* and charges."

The only question in this case is, when does the year begin to run as to goods transported from an exterior to an interior port, and warehoused in bond at the interior port? Does it begin to run from the date of the arrival of the goods at the exterior or interior port? The statute says, "within one year from the date of original importation." A careful examination of the legislation by congress, out of which has been developed our present system of transporting goods in bond from their port of first arrival to their interior port of destination, and there

allowing them to be warehoused, satisfies me that it was the intention of congress to place importers at the interior ports upon the same footing, and give them the same time for the payment of their duties, as is allowed to importers at exterior ports; and that, as to goods which have been transported from an exterior port of first arrival to an interior port of destination, the words "date of original importation," as used in this section, mean the date of the arrival of the goods at the interior port of destination. It therefore seems to me that, inasmuch as the importer in this case offered to pay the duties and charges upon the goods in question within one year from the time the goods arrived at Chicago and were warehoused there, the additional 10 per cent. was improperly and illegally imposed upon them.

The issue is found for the plaintiff.