## MONARCH DISTRIBUTING CO. v. ALEXANDER et al.

### No. 7438.

Circuit Court of Appeals, Seventh Circuit.

April 24, 1941.

John M. Karns and Harold J. Bandy, both of East St. Louis, Ill., for petitioner.

J. Albert Woll, U. S. Atty., of Chicago, Ill., and Herbert Borkland, Sp. Asst., Federal Alcohol Administration, of Washington, D. C., for respondent.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner seeks to set aside an order of the Deputy Commissioner of the Bureau of Internal Revenue entered August 21, 1940, in pursuance of Section 4(b) of the Federal Alcohol Administration Act, Act of August 29, 1935, c. 814, 49 Stat. 977, as amended, 27 U.S.C.A. § 201 et seq., refusing to grant petitioner a basic permit. The original application, dated April 12, 1939, was amended September 20, 1939, November 6, 1939, and, finally, orally, on May 9, 1940, when the matter was heard. At that time petitioner was allowed to introduce testimony of change in the facts set up in the original application and amendments thereto, including difference in personnel of stockholders and officials. Counsel for petitioner stated that he desired to include these averments but that he did not want to work any delay. The hearing officer announced that the testimony became a part of the application and constituted an

amendment thereto, to which counsel for petitioner assented. Following this, hearing was had upon the petition thus amended.

Section 4 (a) (2) (A) of the Act provides that an applicant shall be granted a basic permit unless the Administrator "finds (A) that such person (or in case of a corporation, any of its officers, directors, or principal stockholders) has, within five years prior to date of application, been convicted of a felony under Federal or State law or has, within three years prior to date of application, been convicted of a misdemeanor under any Federal law relating to liquor, including the taxation thereof." The Deputy Commissioner found, and it is admitted here, that, subsequent to the date of the original petition but prior to final amendment thereof, petitioner and certain of its various successive presidents had been convicted in the United States District Court of misdemeanors and felonies. Upon appeal from two of these judgments, they were affirmed by this court in United States v. Monarch Distributing Co., 7 Cir., 116 F.2d 11.

■ Petitioner now contends that these convictions, secured after the date of the original petition, were no bar to a permit, in view of the fact that the statute prohibits permits only to persons convicted "within five years prior to date of application." With this we cannot agree. The "date of application" is not limited to the original filing date. Rather, it was the intent of Congress to include in the phrase all of the time during which the application should be pending, including final hearing. Its evident endeavor to prevent persons of undesirable character from engaging in the vocation of distributing alcoholic liquors would be rendered futile, if convictions occurring on the eve of hearing of the application but after its filing, work no disqualification. In other words, a recent conviction would create no bar but an older one would. The felon lately convicted would perforce be a legitimate and successful candidate for governmental license. To this obviously unreasonable interpretation of the words of Congress, we can not give our approval. Rather we agree with United States v. Moore, 95 U.S. 760, 24 L.Ed. 588; Far-

well v. Spalding, CC., 24 F. 18; In re Haas, D.C., 242 F. 739.

Furthermore petitioner, respondent and the hearing officer accepted and treated the oral statement of July 9, 1940 as a completed amendment to the application and petitioner's prayer was grounded upon the facts disclosed therein. Consequently the words "date of application" must be held to have included the date of the last amendment which constituted a vital part of the application as finally heard. The entire application must speak as of the date of the ultimate amendment. Inasmuch as the convictions occurred prior thereto, there can be no question but that petitioner was not qualified.

■ Petitioner contends further that the Deputy Commissioner of the Bureau, in charge of the Alcohol Tax Unit of the Treasury Department, had no legal power to hear and determine petitioner's application but that such authority was lodged solely in the Administrator of the Federal Alcohol Administration. The act originally conferred authority to pass upon applications exclusively upon the Administrator. When, however, Congress enacted legislation for reorganization of the Executive Branch of the Government, the power to hear and determine applications was transferred to the Deputy Commissioner by Reorganization Plan No. III, Pub.Res.No. 75, 76th Cong.3rd.Sess. 5 U. S.C.A. § 133t note. Section 2 of that plan abolished the Federal Alcohol Administration, its members and the office of Administrator and directed that the functions formerly administered by that Bureau should thereafter be under the direction and supervision of the Secretary of the Treasury acting through the Bureau of Internal Revenue (Doc. No. 681, 76th Cong. 3rd Sess.). Pursuant to the authority thus conferred upon him, the Secretary of the Treasury promulgated Treasury Order No. 30, delegating to the Deputy Commissioner authority to pass upon applications for basic permits (Fed.Reg., Vol. 5, No. 115, p. 2212). Thus the Deputy Commissioner was the only person vested by law with the power of determination and rightfully assumed and discharged that responsibility.

The order is approved and affirmed.