PEORIA BRAUMEISTER CO. v. YELLOW-LEY, District Supervisor of Alcohol Tax Unit, Treasury Department.

No. 7588.

Circuit Court of Appeals, Seventh Circuit.

Nov. 24, 1941.

Julian B. Venezky, of Peoria, Ill., for petitioner.

Herbert Borkland and John C. Herberg, Asst. Attys. Gen., for respondent.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is a petition to set aside an order of the District Supervisor of the Alcohol Tax Unit, which suspended the basic permit of the petitioner to engage in the sale and distribution of intoxicating liquor in interstate commerce.

On June 21, 1940, the Administrator of the Federal Alcohol Administration instituted proceedings to suspend the basic permit of the petitioner, which had been issued to it March 1, 1936, and which required the petitioner to comply with the laws of the United States and the regulations of the Department. The order instituting the proceedings charged the petitioner with, falsifying its records and with failure to keep the records at its place of business. At the time the order instituting the proceedings was served upon the petitioner, the Federal Alcohol Administration attached a copy of Federal Alcohol Administration Regulations I, which regulations were applicable to such proceedings at that time. Article IV, Section 2, Subsections (c) and (d) of said Regulations I provided that after the hearing the hearing officer should prepare his report and findings on the evidence, and serve a copy upon the parties, who, within ten days, might file exceptions, briefs and request for oral argument.

On June 30, 1940, Reorganization Plan No. III, dated April 2, 1940, became ef-

fective, and under its provisions the Federal Alcohol Administration was abolished and its functions transferred to the Secretary of the Treasury, to be exercised by and through the Bureau of Internal Revenue. By Treasury Order effective on the date of the transfer of the Federal Alcohol Administration to the Treasury Department, the functions of the Federal Alcohol Administration were delegated to the Deputy Commissioner of Internal Revenue in charge of the Alcohol Tax Unit, to be exercised by him under the supervision of the Secretary of the Treasury and the Commissioner of Internal Revenue, through the personnel of the Alcohol Tax Unit.

The Deputy Commissioner thereafter, with approval of the Acting Secretary of the Treasury and the Commissioner of Internal Revenue, promulgated Treasury Decision 4982, effective July 26, 1940, which delegated the power to suspend permits to the District Supervisors of the Alcohol Tax Unit, but always under the supervision and direction of the Deputy Commissioner. The respondent in this case is and was a District Supervisor.

On October 26, 1940, he amended the order instituting the proceedings so as to include alleged offenses up to the date of the amendment. The petitioner filed answer. The petitioner requested a hearing of the respondent, who designated a hearing officer, and hearings were held and evidence produced by the Government. The petitioner was present at the hearing by counsel and its president, and participated therein. The case was continued twice at the request of the petitioner to enable it to produce evidence, which it failed to do. The case was finally closed, and submitted December 16, 1940, on evidence produced by the Government. The hearing officer transmitted his findings and report to the respondent, together with a summary and analysis of the evidence and a transcript thereof, and a brief filed by the petitioner. The respondent on February 6, 1941, adopted the findings of the examiner and entered his order suspending the petitioner's permit for sixty days. On February 14, 1941, the petitioner filed its petition in this court to set aside the order of suspension.

Federal Alcohol Administration Regulations I continued in force until July 26, 1940. These were the regulations served with the complaint and order instituting proceedings. By Treasury Decision 4982, effective July 26, 1940, the rules were changed. This decision effecting the change was published in the Federal Register.

No claim is made by petitioner that it was misled by the change in the rules, or that it did not know about them. We think it must have known about the change, as the Treasury Decision which changed the rules gave jurisdiction of the case for the first time to the respondent District Supervisor, before whom the petitioner appeared, requested and received a hearing, and to whose amendments to the proceedings filed October 26, 1940, the petitioner answered. In addition it had constructive notice of the publication of Treasury Decision 4982 in the Federal Register, and it was this decision that changed the rules.

The petitioner did not favor us with oral argument, but we gather from its briefs and the record that it contends that it was denied a fair hearing and therefore procedural due process, because it was not served with a copy of the examiner's report and given an opportunity to file exceptions, brief the case and argue it, as provided by Federal Alcohol Administration Regulations I. But these regulations were superseded by regulations promulgated by Treasury Decision 4982. These latter regulations were valid, and properly published in the Federal Register. In the absence of any claim by petitioner that it was surprised or misled by the change in the rules in the midst of the contest, and where the change was effected by a decision of the Treasury regularly published in the Federal Register, we hold that the petitioner had no vested right to have the rules remain unchanged, and he has not been denied any rights essential to a fair hearing by the change of the rules themselves. The right to receive a copy of the findings of the examiner and of his report, with an opportunity to file exceptions and be heard by brief and in oral argument, is a desirable but not essential ingredient of procedural due process and a fair hearing. In the case of Morgan v. United States, 298 U.S. 468-478, 56 S.Ct. 906, 910, 80 L.Ed. 1288, Mr. Chief Justice Hughes said: "* * * while it would have been good practice to have the examiner prepare a report and submit it to the Secretary and the parties, and to permit exceptions and arguments addressed to the points thus presented * * * we cannot say that that particular type of procedure was essential.

640

to the validity of the hearing. The statute does not require it, and what the statute does require relates to substance and not form."

There was no attempt made by the petitioner to comply with the regulations in force at the time the District Supervisor promulgated his order for suspension. These regulations were decidedly favorable to the petitioner. They provided that after the respondent had entered the order of suspension, the petitioner had a right to file a petition for rehearing before the District Supervisor. If that proceeding went against it, it was entitled to appeal to the Deputy Commissioner of Internal Revenue in Washington, and during all of which time the order of suspension would have been in abeyance. The petitioner did none of these things required by the regulations that were applicable. The respondent contends that the petitioner has no right to appeal to this court until it has exhausted its remedies before him and the Department, as provided by the regulations. In this we think he is correct. The rules and regulations are fair, and afford protection to the petitioner, as well as enable the Department to correct its errors and to maintain a uniformity of procedure throughout the various districts of the Alcohol Tax Unit scattered over the United States.

The statute governing the procedure in this matter, 27 U.S.C.A. § 204(h), provides: " * * * No objection to the order of the Administrator shall be considered by the court unless such objection shall have been urged before the Administrator or unless there were reasonable grounds for failure so to do. * * *"

This provision was intended for the purpose of enabling the respondent and the department in charge of the Alcohol Tax Unit to establish an orderly procedure in matters involving the suspension of permits, and to enable the respondent and the Department to review and correct their errors. The regulations provided how the procedure should be put into operation, by authorizing the petitioner to file a petition for rehearing, and to appeal to the Deputy Commissioner in Washington. The petitioner failed to pursue these remedies be-

low, and thereby failed to establish the right of this court to review the action of the respondent below.

A similar statutory provision is contained in the Bituminous Coal Act of 1937, 15 U.S.C.A. § 828 et seq., and was construed in the Court of Appeals for the District of Columbia in Mallory Coal Company v. National Bituminous Coal Commission, 69 App.D.C. 166, 99 F.2d 399-406. The court said: "Another barrier which stands in the way of appellate jurisdiction in the present case is the provision of Section 6(b) of the National Bituminous Coal Act, which reads, 'No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged below.' The record fails to reveal that any objection was urged below to the order from which this appeal purports to be taken. * * * The purpose of Congress in incorporating the quoted language into the Act was apparently to secure to the Commission an opportunity to correct its errors, when attention is properly called thereto. * * * Provision has been made by the Commission, pursuant to authority granted by Section 2(a) of the Act, for procedures which might have been used by petitioners for the purpose of objecting to the order. They were not used. Consequently, there is no appellate jurisdiction and no occasion for judicial review."

We think it clear on authority that the petitioner had no standing to petition this court to review the order of the District Supervisor until it had first exhausted its procedural remedies before the Department below. Myers v. Bethlehem Corp., 303 U.S. 41-50, 58 S.Ct. 459, 82 L.Ed. 638; Red River Broadcasting Company v. Federal Communications Commission, 69 App.D.C. 1, 98 F.2d 282-284.

The petitioner suggests further that there is not substantial evidence to support the findings and order of the respondent. We have read the record, and find it abundantly supports the findings and order of the respondent.

The petition to review is dismissed, with leave granted the respondent to promulgate anew his order of suspension.