LEEBERN v. UNITED STATES (HEAR-
INGTON, District Sup'r, Substituted
Respondent).

No. 9999.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1941.

A. Edward Smith, of Columbus, Ga., for petitioner.

Irvin L. Stephenson, Sp. Atty., and Herbert Borkland, Sp. Asst. to Atty. Gen., both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Petitioner, a resident of Columbus, Georgia, is a wholesale liquor dealer, and as such, holds basic permit No. PDW-9377. [1] On charges of violation of Section 5 (b) of the Act, 27 U.S.C.A. § 205(b), [2] set out in detail in the order instituting the proceedings, [3] and on evidence and admissions

---

[1] This permit was issued under Section 4 (d) (e), of the Act, 27 U.S.C.A. § 204 (d) (e), which conditions it upon compliance with requirements of Section 5 (relating to unfair competition and unlawful practices), and Section 6 (relating to bulk sales and bottling), with the 21st Amendment, and all laws relating to the enforcement thereof, and all other federal liquor laws. It was held subject to being revoked, suspended or annulled, after hearing by the administrator.

[2] This section, known as the "Tied-house" section of the act, is designed to prohibit and does prohibit, in interstate commerce, the holder of a wholesale liquor dealer's license from engaging in the practice of, furnishing the fixtures, equipment, etc., for any retail liquor dealer or engaging in any other practice which has the effect of inducing any retailer to deal only with it or not to deal with other persons selling liquors in Interstate or Foreign Commerce, or hindering, prevent-ing or restricting other persons from selling such products to other retailers in Interstate or Foreign Commerce.

[3] Summarized these charges were: That Petitioner had violated the provisions of Sec. 5 (b) of the Act, 27 U.S.C.A. § 205 (b) by entering into various transactions with named retail liquor dealers, such as furnishing them money to buy their licenses, indorsing and guaranteeing their notes, acquiring and holding an interest in their licenses, acquiring an interest in real and personal property owned, occupied and used by them in the conduct of their business, furnishing, giving, renting, lending and selling them equipment, fixtures, supplies, money, etc., for the purpose of gaining a substantial monopoly of their business; that such practices were engaged in with intent to prevent or deter other persons from selling liquors to these retailers in interstate or foreign commerce, and with intent to restrain and prevent such transactions in inter-

deemed by the administrator sufficient to sustain the charges, there were findings that petitioner had been proven guilty of the charges contained in the citation, and an order suspending petitioner's basic permit for a period of 60 days.

Under Section 4(h) [4] of the Federal Alcohol Administration Act, petitioner is appealing from that order, insisting that while the evidence and the admissions of petitioner do establish that he did the acts the complaint charges him with doing, to-wit, lending money, making loans. furnishing premises, fixtures and equipment, to and endorsing loans for, retail liquor dealers, it does not support the finding that these acts were done with any intention on his part to influence the dealers to buy their liquors from him to the whole or partial exclusion of liquor sold by others, and particularly since all of these transactions took place in Georgia, it does not support the finding that he intended to or did affect Interstate Commerce through the Acts specified.

Respondent as vigorously insisting that the findings are supported and the order justified, urges upon us by motion to dismiss, [5] that these matters are not before us for decision. Pointing out that by Section 516 of Regulations 2, provision is made for a reconsideration of an order invoking, or suspending a permit, and by Section 517, [6] of the same regulations, for an appeal to the Commissioner and that these procedural regulations promulgated under the authority of the Prohibition Reorganization Act of 1930, 46 Stat. 427, 19 U.S.C.A. § 523; 27 U.S.C.A. §§ 42, 101 et seq., have the force and effect of law, [7] and calling particular attention to Section 4(h) of the Act providing, "no objection to the order of the Administrator shall be considered by the court unless such objection shall have been urged before the Administrator or unless there were reasonable grounds for failure so to do," they insist that resort to these procedures is essential to an appeal and that petitioner, not having complied with them, is without standing to appeal and his ap-

state or foreign commerce; and that such inducements occurred in the course of interstate or foreign commerce.

[4] "An appeal may be taken by the permittee or applicant for a permit from any order of the Administrator denying an application for, or suspending, revoking, or annulling, a basic permit. Such appeal shall be taken by filing, in the circuit court of appeals * * * within sixty days after the entry of such order, a written petition praying that the order of the Administrator be modified or set aside in whole or in part. A copy of such petition shall be forthwith served upon the Administrator, or upon any officer designated by him for that purpose, and thereupon the Administrator shall certify and file in the court a transcript of the record upon which the order complained of was entered. Upon the filing of such transcript such court shall have exclusive jurisdiction to affirm, modify, or set aside such order, in whole or in part. No objection to the order of the Administrator shall be considered by the court unless such objection shall have been urged before the Administrator or unless there were reasonable grounds for failure so to do. The finding of the Administrator as to the facts, if supported by substantial evidence, shall be conclusive. * * * The commencement of proceedings under this subsection shall, unless specifically ordered by the court to the contrary, operate as a stay of the Administrator's order." 27 U.S.C.A. § 204 (h).

[5] Because (1) petitioner failed, before filing his petition, to exhaust the administrative remedies available to him under the Act and effective regulations of the alcohol tax unit of the Bureau of Internal Revenue of the Treasury Department; (2) because the petitioner failed before filing his petition to assert before the appropriative administrative officials in compliance with the requirements of Section 4 (h) of the Act, the objections specified in the petition for appeal.

[6] "Sec. 517. Appeal to the commissioner.—In order to insure uniformity of administrative action, the commissioner may, in his discretion, entertain an appeal from a final order of revocation by a supervisor, if filed with the commissioner within 10 days from the date of the order. The petition for review must set forth facts tending to show action of an arbitrary nature, or a proceeding and action contrary to law or regulations. If such request is filed within the required time, the permit involved shall continue in force and effect until the final order by the commissioner, except as to such restrictions upon withdrawals as may be imposed by the supervisor, or, in the case of a physician's permit, the issuance of a new prescription book, as provided in section 407 herein."

[7] Mallory Coal Co. v. Nat. Bituminous Coal Comm., 69 App.D.C. 166, 99 F.2d 399; Maryland Casualty Co. v. United States, 251 U.S. 342, 40 S.Ct. 155, 64 L. Ed. 297.

peal must be dismissed. We agree with respondent.

■ The question here partakes of the nature of, but is not the same as, the question which arises where equitable relief is invoked against administrative action.[8] It is the long settled rule of judicial administration in those cases that relief will not be granted until the prescribed administrative remedy has been exhausted. But the administration of that rule was often complicated by questions of due process, which have no place here. The question here, where the resort to this court is provided for as a part of the established procedure in the very statute which sets the administrative procedure up, is purely one of procedure, uncomplicated by questions of due process and claimed constitutional right. Under such statutes, this court does not function as a tribunal, exterior to the statutory administrative scheme, whose jurisdiction is invoked on constitutional grounds, to protect the applicant against the failure of the statute to provide due process. It functions as the tribunal of last resort, set up in the statute itself, for the correction of errors of law committed, and not corrected, in the course of the administrative procedure. It is crystal clear, therefore, that its activities cannot properly be called into play, until the administrative procedures provided for the correction of errors of law, have first been exhausted.

Section 516, with the appeal to the jurisdiction to be exercised by this court, and the fact that the appeal stays the enforcement of the order, specifically in mind, in substance provides: that within 20 days after an order is made, a permittee "may file an application for a reconsideration of such order on the grounds that the order is contrary to law or is not supported by the evidence or because of newly discovered evidence". Section 517, with the same considerations in mind, provides for an appeal to the commissioner by petition for review and a suspension, pending it, of the operation of the order.

■ These provisions coupled with the provision of Section 4(h), supra, limiting the appeal to objections urged before the administrator, make it entirely plain, we think, that the intention of Congress, given effect in the regulations, was that no frivolous and groundless appeals be taken to the circuit courts of appeals. They make it plain too, that the acts and the regulations taken together in substance provide, that no appeal shall be taken until after the administrator has definitely considered and as definitely rejected grounds of attack, which will be relied on in the Circuit Courts of Appeals. No harm can come to a permittee, indeed only good can come to him from following such a course. Thereby the parties and the appellate courts will be saved from much unnecessary and groundless litigation. Thereby a sense of complete responsibility for, and a wholesome and proper uniformity of, administrative action, will be developed in those performing the administrative function. Finally thereby, the maintenance of that due and proper relation between the administrative body and the courts which should obtain in every administrative system which heads up in the courts, will be nearer attained and observed. In the light of the purpose of Congress and of the salutary effect of following the regulations out, the contention that because the procedures provided for in 516 and 517, are both discretionary, they are not essential steps on the way to an appeal, will not do. The vital consideration in such procedures as the one in question here, is the furnishing of a just, a fair and an adequate administrative procedure, which will preserve the rights of the permittee against arbitrary and unlawful action, with the minimum of resort to court review. If the question were a new one we should have no difficulty in concluding that the administrative procedures have not been exhausted, and the appeal should be dismissed. But there is ample supporting authority on analogous procedures, Red River Broadcasting Co. v. Federal Communications Comm., 69 App.D.C. 1, 98 F.2d 282; Goldsmith v. United States Board of Tax Appeals, 270 U.S. 117, 119, 46 S.Ct. 215, 70 L.Ed. 494; Mallory Coal Co. v. National Bituminous Coal Comm., 69 App.D.C. 166, 99 F.2d 399, and a recent decision in the Seventh Circuit on the procedure, in question here, Peoria Braumeister Co. v. Edward C. Yellowley, 7 Cir., 123 F.2d 637, Nov. 24, 1941.

The motion to dismiss is sustained.

---

[8] Typical of such cases are: Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; United States v. Illinois C. R. R. Co., 291 U.S. 457, 54 S.Ct. 471, 78 L.Ed. 909; Porter v. Investors Syndicate, 286 U.S. 461, 52 S.Ct. 617, 76 L.Ed. 1226.