STRAUSS et al. v. BERKSHIRE, Deputy Com'r of Internal Revenue, et al.

No. 12253.

Circuit Court of Appeals, Eighth Circuit.

Dec. 8, 1942.

Rehearing Denied Jan. 7, 1943.

E. L. McHaney, Jr., of Little Rock, Ark., and Norman J. Morrison, of Washington, D. C. (George R. Beneman, of

Washington, D. C., and Owens, Ehrman & McHaney, of Little Rock, Ark., on the brief), for petitioners.

Herbert Borklund, Sp. Asst. to Atty. Gen. (Thurman Arnold, Asst. Atty. Gen., on the brief), for respondents.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal, by written petition as required by statute, of a wholesale liquor dealer praying that an order suspending its basic permit be set aside or, in the alternative, modified. The proceeding is under § 4(h) of the Federal Alcohol Administration Act, Act of August 29, 1935, c. 814, 49 Stat. 977, 27 U.S.C.A. § 204(h).

The petitioners are partners doing business at Little Rock, Arkansas, under the name F. Strauss & Son. The respondents are the Deputy Commissioner of Internal Revenue, the Acting Deputy Commissioner, and the District Supervisor of the Alcohol Tax Unit at Kansas City, Missouri. The Wholesaler's Basic Permit affected by the order of suspension was issued in October, 1936, under the authority of § 3(c) of the Act. Such permits in accordance with § 4(d) of the Act are conditioned upon compliance with all federal laws relating to alcoholic beverages, including the Twenty-First Amendment and laws relating to its enforcement.

A brief outline of the changes made in the administrative provisions of the Act since the issue of the suspended permit will aid in understanding the procedure and the contentions of the parties in the present case. The original Act created a permit system for the regulation of commerce in distilled spirits, wines and malt beverages and established the Federal Alcohol Administration under the direction of an Administrator. On June 30, 1940, prior to the commencement of this proceeding, pursuant to authority of law, Reorganization Plan No. 3 became effective. Under its provisions the Federal Alcohol Administration was abolished and its functions were transferred to the Secretary of the Treasury to be exercised through the Bureau of Internal Revenue. By Treasury Order No. 30 (Fed.Reg. Vol. 5, No. 115, p. 2212), effective June 30, 1940, all such functions were delegated to the Deputy Commissioner of Internal Revenue in charge of the Alcohol Tax Unit, with au-

thority, subject to the approval of the Commissioner and the Secretary of the Treasury, to exercise any of such functions through any of the officers or employees of the Alcohol Tax Unit. Treasury Decision 4982, effective July 26, 1940 (Fed.Reg. Vol. 5, No. 136, pp. 2549–2550), provided that the power of the Deputy Commissioner to issue, amend, deny, revoke, suspend and annul basic permits "shall continue to be exercised by him, and are also hereby delegated to District Supervisors of the Alcohol Tax Unit, to be exercised by them, subject to the supervision and direction of the said Deputy Commissioner."

Section 517 of Regulations 2, made applicable by T.D. 4982, supra, provides: "In order to insure uniformity of administrative action, the Deputy Commissioner may, in his discretion, entertain an appeal from a final order of suspension. * * * The petition for review must set forth facts tending to show action of an arbitrary nature, or a proceeding and action contrary to law or regulations. If such request is filed within the required time, the permit shall continue in force and effect until the final order by the Deputy Commissioner. * * *"

■ See Monarch Distributing Co. v. Alexander, 7 Cir., 119 F.2d 953; Peoria Braumeister Co. v. Yellowley, 7 Cir., 123 F.2d 637; Leebern v. United States, 5 Cir., 124 F.2d 505. These cases hold that appeals cannot be taken by an aggrieved party from an order of a district supervisor until the administrative remedy has been exhausted by an appeal to the deputy commissioner. It follows that where an appeal has, in his discretion, been entertained by a deputy commissioner his order is the "final order" from which an appeal may be taken to the appropriate court of appeals.

On September 5, 1940, the district supervisor commenced this proceeding to suspend the petitioner's permit, charging willful violations of its conditions, particularly specifying violations of the Twenty-first Amendment and the liquor laws of the United States and of the states of Oklahoma and Kansas. After a hearing, the district supervisor, on January 27, 1942, entered an order stating the findings upon which it was based and providing: "Wherefore, It Is Ordered that the aforesaid basic permit be, and the same is, hereby suspended for the period of three months, beginning thirty (30) days after the date of

service of a copy of this order upon the permittees."

The order so made was served upon petitioners on January 28, 1942. Petitioners, on January 29, 1942, applied for a reconsideration of the order, which was denied. Thereupon, pursuant to § 517 of Regulations 2, supra, they appealed to the deputy commissioner, praying (1) that they be afforded opportunity to present evidence showing that the order of the district supervisor "in fact amounts to a revocation of said permit", and (2) that the findings and order be set aside.

The prayer of the petitioners that they be afforded an opportunity to produce evidence before the deputy commissioner was denied, and they were informed by letter that a hearing on appeal to the deputy commissioner is not de novo but is confined to a review of the record which was before the district supervisor.

On February 14, 1942, while the appeal was pending, counsel for petitioners addressed a letter to the deputy commissioner saying that the permittee had on hand certain distilled spirits and wines, lawfully acquired, and inquiring, "May these distilled spirits and wines be sold by this Permittee to retailers located wholly within the State of Arkansas during the period of the ninety day suspension?" There was no reply to this letter.

On February 23, 1942, petitioners, on the ground that they had been informed that the Bureau of Internal Revenue considered that suspension orders applied to all purchases for resale at wholesale and to all sales whether in interstate or intrastate commerce, moved that the entire record be, remanded to the district supervisor with instructions to reopen the case and allow the submission of evidence upon the questions: (a) The amount of the suspension, if any, which should be imposed in light of the Bureau's interpretation of the effect of a suspension order; (b) whether a suspension for three months, in light of the Bureau's interpretation, amounts to a revocation of the permit; and (c) whether contemporaneous construction of the Act by its sponsors in Congress and by the original enforcement officers interpreted a suspension order as prohibiting the sale of previously acquired stocks in intrastate commerce.

At the conclusion of the proceedings upon appeal the acting deputy commissioner, on February 25, 1942, ordered:

"(1) That the permittees' Motion to Remand the proceeding to the District Supervisor for the purposes stated in such motion be, and the same is, hereby denied;

"(2) That the District Supervisor's Order of January 27, 1942, suspending the wholesaler's basic permit in question for the period of three months, beginning thirty days after date of service, January 28, 1942, of said suspension order upon the permittees, be, and the same is, hereby modified to the extent only of changing the beginning time of the three months period of suspension to 8:00 o'clock A.M., March 9, 1942; and that, as thus modified, the aforesaid Order of the District Supervisor be, and the same is hereby affirmed; and

"(3) That, during the aforesaid period of suspension for three months, beginning at 8:00 o'clock, A.M., March 9, 1942, the permittees are prohibited from purchasing or receiving, and from selling or disposing of, any alcoholic beverages whatsoever, in both interstate and intrastate commerce."

In addition to their request that the suspension order be vacated or modified by this court, petitioners pray that they may be granted the privilege of submitting testimony on the same questions on which they sought to submit evidence in their motion before the deputy commissioner, supra, to remand to the district supervisor.

The grounds asserted by petitioners in this court for relief are:

1. That the deputy commissioner of internal revenue is without authority to prohibit sales in intrastate commerce of alcoholic beverages lawfully acquired by wholesalers;

2. That the order of suspension is unreasonable, arbitrary and capricious and, therefore, void; and

3. That permission should be granted to submit evidence to show that suspension of their permit for three months amounts to revocation.

The respondents direct attention to the fact that two orders were issued in the administrative proceedings: first, the order of the district supervisor suspending the petitioners' permit; and, second, the order of the deputy commissioner (1) denying the motion to remand, (2) modifying and affirming the order of the district supervisor, and (3) stating that during the period of suspension "the permittees are prohibited from purchasing or receiving,

and from selling or disposing of, any alcoholic beverages whatsoever, in both interstate and intrastate commerce." The respondents contend that the second of these orders is not before us for review; that it is the order of the district supervisor only which is reviewable by this court. The order of the deputy commissioner is the final order entered by the administrative officers in the proceedings in the Bureau of Internal Revenue (Section 517, Regulations 4, supra); and it is, we think, the proper order for review by this court. Peoria Braumeister Co. v. Yellowley, supra; Leebern v. United States, supra.

Petitioners first assail paragraph 3 of the order under consideration on the ground that the deputy commissioner is without authority to prohibit sales in intrastate commerce during the period of suspension. This paragraph of the order may be considered from two points of view: First, merely as an expression of opinion by the deputy commissioner in regard to the legal effect of the order of suspension; and, second, as an attempt by him to enjoin any violation of the suspension order in accordance with his opinion. Under the Act the power of the administrative officers after a permit has been issued is limited to determining, upon notice and hearing, whether the conditions of the permit have been violated and, if they so determine, to revoke, suspend or annul the permit. Section 4(e). For the first violation, a permit may be suspended only. The administrative officers are given no power to render binding opinions nor to enjoin the violation of or to enforce a suspension order. Sole jurisdiction to prevent and restrain violations of the Act is vested in the district courts by § 7 at the instance of the Attorney General. Such power in the court implies the power to make effective the statute and the orders of the administrative officers legally made thereunder. Deckert v. Independence Shares Corporation, 311 U.S. 282, 288, 61 S.Ct. 229, 85 L. Ed. 189. This court under § 4(h) has power only, upon written petition, "to affirm, modify, or set aside, * * * in whole or in part" orders of the administrative officers suspending or revoking permits. Under this authority we hold that paragraph 3 of the order of the deputy commissioner should be set aside as beyond his jurisdiction.

Petitioner's second contention is that the order of suspension is void because unreasonable, capricious, and arbitrary. The complaint is directed to the length of the period of suspension only. It is not claimed that the evidence does not support the findings of fact. It is asserted that a suspension for three months is, as a matter of law, an abuse of the discretion lodged in the administrative officers under the Act for the reason that such an order amounts to a revocation of the permit, even though such a suspension would not prohibit sales of previously acquired stocks in intrastate commerce. The point is raised in two ways. The refusal of the deputy commissioner to remand the case for the purpose of receiving evidence on this question is assigned as error, and in their petition for review petitioners request this court to remand the case with instructions to take evidence for the same purpose.

In addition to the power given courts of appeals to affirm, modify, or set aside an administrative order, § 4(h) provides that: "If any party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the proceeding before the Secretary, the court may order such additional evidence to be taken * * *." The tests to be applied to determine the merits of both the motion and the application are the materiality of the evidence sought to be adduced and the sufficiency of the grounds for failure to produce such evidence at the hearing before the district supervisor.

As indicated above the purpose for which petitioners seek to introduce additional evidence is to show primarily that a three months' suspension of their basic permit is an abuse of discretion. To establish such alleged abuse of discretion petitioners ask permission to introduce evidence to show (1) the amount of the suspension, if any, which should be imposed for the offense; (2) whether a suspension for three months amounts to a revocation of the permit; and (3) whether the sponsors of the Act and others contemporaneously interpreted a suspension order as prohibiting the sale of previously acquired stocks in intrastate commerce.

We assume, without deciding, that appropriate evidence on all these sub-

jects would have been pertinent and admissible, had it been offered by petitioners at the hearing before the district supervisor. The application for leave to reopen the hearing and to produce such evidence now fails for two reasons: First, we have no means for determining whether the evidence which the petitioners desire to offer is material or not. The evidence is not set out in the application nor attached thereto in the form of exhibits or affidavits. Its substance is not even outlined. Second, no reasonable grounds are shown for failure to adduce such evidence in the proceeding before the district supervisor. The whole purpose of the proceeding was to determine whether a suspension order should be entered. The "amount" or period of such suspension, if ordered, was within the discretion of the district supervisor subject to revision by the deputy commissioner. The evidence produced at the hearing was the guide and basis for the exercise of that discretion. Petitioners' evidence upon all these matters should have been adduced at the hearing, or some reason should be stated for not doing so. The question of additional evidence did not arise, however, until petitioners, after appeal had been taken to the deputy commissioner, learned that the Bureau of Internal Revenue interpreted a suspension order as prohibiting the sale of spirituous liquors in intrastate commerce. Since the Bureau is not authorized to enforce the law nor to compel obedience to a suspension order, its view of the legal effect of such an order is not material in this proceeding. That is a question of law to be determined in a proper proceeding in the district court. The belated discovery of the Bureau's interpretation of the law is not a valid excuse for failure to produce available material evidence upon the issues submitted at the hearing.

The deputy commissioner did not err in denying the motion to remand with instructions to the district supervisor to receive additional evidence, and the application to this court for such privilege is denied.

Finally, there is no basis in the record for the contention that the order is unreasonable, arbitrary and capricious. The findings upon which the order is based fully justify it.

Paragraph 3 of the order of the deputy commissioner should be stricken and as so modified his order should be affirmed. It is so ordered.