## LEVERS v. ANDERSON, District Supervisor, Alcohol Tax Unit.

### No. 2939.

Circuit Court of Appeals, Tenth Circuit.

Jan. 23, 1945.

Rehearing Denied Feb. 23, 1945.

Writ of Certiorari Granted May 7, 1945.

James J. McNamara, of Clovis, N. M., for peitioner.

Arthur A. Alexander, Atty., Alcohol Tax Division, Bureau of Internal Revenue, of Washington, D. C. (Herbert Borkland, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PER CURIAM.

This is a petition to review three orders issued by the District Supervisor in charge of the Denver, Colorado, office of the Alcohol Tax Unit. The orders were issued under authority of sections 4(b) and 4(e) (3) of the Federal Alcohol Administration Act, 27 U.S.C.A. §§ 201–211. The petition was filed under section 4(h) of the Act.

One order annulled a basic permit and the other two orders denied applications for basic permits.

Petitioner filed his petition for review without applying to the District Supervisor for a reconsideration of the orders or appealing from such orders to the Deputy Commissioner of Internal Revenue, both of which procedures are provided for in the regulations. A copy of the regulations was served on the petitioner prior to the hearing before the District Super-

548

visor and was called to petitioner's attention when the orders were served on him.

Not having exhausted his administrative remedies, this court may not entertain his petition for review. Peoria Braumeister Co. v. Yellowley, 7 Cir., 123 F.2d 637, 640; Leebern v. United States, 5 Cir., 124 F.2d 505, 507.

It is true that an appeal to the Deputy Commissioner of Internal Revenue may no longer be a condition precedent to judicial review in view of amended regulation, § 182.257,[1] which in part provides: "Appeal to the Commissioner is not required. However, the Commissioner may, in his discretion, in order to insure uniformity of administrative action, entertain an appeal, after review and reconsideration as provided in section 182.255, from an order of revocation of a basic permit by a district supervisor, if filed with the Commissioner within 10 days of the date of the final order."

But the amended regulations do not do away with the application for reconsideration, an administrative remedy not availed of by the petitioner. Petitioner cannot excuse his failure on the ground that his objections on an application for reconsideration would have been overruled and, therefore, such application would have been futile. Red River Broadcasting Co. v. Federal Communications Commission, 69 App.D.C. 1, 98 F.2d 282, 288; Gilchrist v. Interborough Rapid Transit Co., 279 U.S. 159, 208, 209, 49 S.Ct. 282, 73 L.Ed. 652.

The petition is dismissed.

[1] Fed. Register, Vol. 7, No. 49, March 12, 1942, pp. 1889-1890.