## LEVERS, ADMINISTRATOR, *v.* ANDERSON, DISTRICT SUPERVISOR, ALCOHOL TAX UNIT.

No. 51. Argued October 16, 1945.—Decided November 5, 1945.

220

Messrs. *Huston Thompson* and *Hugh H. Obear* for petitioner.

*Mr. Robert L. Stern,* with whom *Solicitor General McGrath, Assistant Attorney General Berge* and *Mr. Matthias N. Orfield* were on the brief, for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

The petitioner's permit to operate a wholesale liquor business under the Federal Alcohol Administration Act, 49 Stat. 977, was annulled by an order of the District Supervisor of the Alcohol Tax Unit of the Bureau of Internal Revenue of the United States. At the same time, the Supervisor denied petitioner's applications for an importer's and a new wholesaler's permit. The Supervisor was duly authorized to act in these matters.[1] Section 4 (h) of the Act authorizes an applicant or permittee to appeal to the Circuit Court of Appeals within sixty days after the entry of orders denying or annulling the permits. A petition for appeal was filed within sixty days. The Circuit Court of Appeals dismissed the appeal, 147 F. 2d 547, on the ground that petitioner had failed to exhaust his

---

[1] 53 Stat. 561; 54 Stat. 1231; 54 Stat. 230, 231; Treasury Order No. 30, 26 C. F. R. Cum. Supp. 171.4a, 5 Fed. Reg. 2212; Treas. Decision 4982, 26 C. F. R. Cum. Supp. 171.4c, 5 Fed. Reg. 2549.

administrative remedies, since he had not first filed a motion for reconsideration of the Supervisor's order as permitted by Treasury Regulations, 26 C. F. R. Cum. Supp. 182.255, reading in part as follows:[2]

"(a) . . . Within 20 days after an order is made by the Commissioner or district supervisor revoking a basic permit, the permittee may file an application with such Commissioner or district supervisor, for a reconsideration of such order, on one or more of the following grounds:

"(1) The order is contrary to law, or

"(2) Is not supported by the evidence, or

"(3) Because of newly discovered evidence which the permittee, with due diligence, was unable to produce at the hearing."

We thought the question involved important and granted certiorari.

Whatever might be the case in other circumstances, it is clear that where, as here, judicial review is provided in the Act itself, the petitioner's right of appeal to the courts is to be determined by looking to the statute, the valid regulations promulgated pursuant to it and proven

---

[2] The Circuit Court of Appeals also referred to the petitioner's failure to take an appeal to the Deputy Commissioner of Internal Revenue, as allowed by Amended Treasury Regulation 182.257. That regulation provides that: "Appeal to the Commissioner is not required. However, the Commissioner may, in his discretion, in order to insure uniformity of administrative action, entertain an appeal, after review and reconsideration as provided in § 182.255, from an order of revocation of a basic permit by a district supervisor, if filed with the Commissioner within 10 days of the date of the final order." The Government concedes that the first sentence of this regulation, "Appeal to the Commissioner is not required" was added to the regulation as it originally stood for "the deliberate object of making it unnecessary for a party to appeal to the Commissioner before going to court." Under these circumstances we do not discuss it further. Cf. *Peoria Braumeister Co.* v. *Yellowley*, 123 F. 2d 637; *Leebern* v. *United States*, 124 F. 2d 505, both decided before the first sentence was added.

administrative practice throwing light upon their meaning. In construing the Act, however, we must be mindful of the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers* v. *Bethlehem Ship-building Corp.*, 303 U. S. 41, 50–51. But this rule does not automatically require that judicial review must always be denied where rehearing is authorized but not sought. This is shown by our past decisions,[3] from which we see no reason to depart. Government counsel, appearing for respondent, do not defend the dismissal of petitioner's appeal on such a sweeping assumption. On the contrary, they assert that motions for rehearing before the same tribunal that enters an order are under normal circumstances mere formalities which waste the time of litigants and tribunals, tend unnecessarily to prolong the administrative process, and delay or embarrass enforcement of orders which have all the characteristics of finality essential to appealable orders.

But Government counsel insist that the rehearing here involved is far more than a formality, and that we should therefore read the Act and regulations as if these barred judicial review prior to an application for a rehearing.[4] Of course we recognize that in a particular administrative pattern new opportunities to challenge afforded by the motion for rehearing may subject an order to such critical administrative review as to reduce it to the level of a "mere preliminary or procedural" status, thereby divesting it of those qualities of administrative finality essential

---

[3] *United States* v. *Abilene & Southern R. Co.*, 265 U. S. 274, 280–282; *Prendergast* v. *New York Tel. Co.*, 262 U. S. 43, 48–49.

[4] This has been expressly done in several statutes. See for example 49 Stat. 860; 52 Stat. 831. Of course the mere fact that the regulations might bar judicial review is not conclusive, for the court will consider whether these are consistent with the legislative intent.

to invocation of judicial review. *Federal Power Commission* v. *Metropolitan Edison Co.,* 304 U. S. 375, 384–385. But we do not think that is the case here.

The orders here challenged were entered after a hearing and they were "of a definitive character dealing with the merits of a proceeding." *Federal Power Commission* v. *Metropolitan Edison Co., supra,* 384. The evidence was taken before, and the findings of fact were made by, a hearing commissioner before whom petitioner was represented by counsel. These findings were then approved by the district supervisor who entered the orders. True the findings were approved and the orders were made by the district supervisor without an opportunity to petitioner to except to his adverse findings of fact or to present oral argument to him. And a rehearing *if granted* would have afforded petitioner for the first time an opportunity to see and except to adverse findings of fact and *might* also have given him a chance to present oral argument to the officer who made the orders. But the regulations only provide that the Supervisor "may hear the application" for a rehearing.[5] No other language of the regulations, and no satisfactory proof of publicly established practice under them, persuades us that the "may" means must, or that the Supervisors were required to hear oral argument. Thus, despite the fact that the regulations permit a stay pending the motion, there is no assurance that a rehearing will be granted, so as to afford an opportunity to except to fact findings or argue orally before the Supervisor. Con-

---

[5] The only relevant provision, 26 C. F. R. Cum. Supp. 182.255, reads:

"(b) . . . The Commissioner or district supervisor, with whom such application is filed, may hear the application on a date and at a place to be fixed by him. The Commissioner or district supervisor, as the case may be, after hearing such application, may either affirm the order of revocation previously made, or may vacate and set aside such order and dismiss the proceedings or order a new hearing of the evidence before a designated hearing officer."

sequently, whatever weight such factors might be accorded in determining administrative finality of the orders is absent here.

Our conclusion is that the motion is in its effect so much like the normal, formal type of motion for rehearing that we cannot read into the Act an intention to make it a prerequisite to the judicial review specifically provided by Congress. Whether the Circuit Court of Appeals was possessed of power to exercise a discretion to stay its review until an application was made to the Supervisor to grant a rehearing is a question which was not decided and upon which we express no opinion. See *United States* v. *Abilene & Southern R. Co., supra,* 282.

*Reversed.*

MR. JUSTICE JACKSON took no part in the consideration or decision of this case.