220 F.2d 380
 BREWERY AND BEVERAGE DRIVERS AND WORKERS LOCAL UNION NO. 67, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
WASHINGTON COCA-COLA BOTTLING WORKS, Inc., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 12115.
 No. 12207.
 United States Court of Appeals, District of Columbia Circuit.
 Argued December 3, 1954.
 Decided March 10, 1955.
 
 Mr. Martin F. O'Donoghue, Washington, D. C., with whom Messrs. Thomas X. Dunn, William J. Walsh and Patrick C. O'Donoghue, Washington, D. C., were on the briefs, for petitioner in No. 12,115.
 Mr. Earle K. Shawe and Mr. William J. Rosenthal, a member of the bar of the Court of Appeals of Maryland, Baltimore, Md., pro hac vice, by special leave of Court, with whom Mr. Allan Kamerow, Washington, D. C., was on the brief, for Washington Coca-Cola Bottling Works, Inc., Amicus Curiae in No. 12,115 and petitioner in No. 12,207.
 Mr. Norton J. Come, Atty., N.L.R.B., a member of the bar of the Supreme Court of Illinois, Washington, D. C., pro hac vice, by special leave of Court, with whom Mr. James C. Hise, Atty., N.L. R.B., Washington, D. C., was on the brief, for respondent.
 Messrs. A. Norman Somers and Marcel Mallet-Prevost, Attys., N.L.R.B., Washington, D. C., also entered appearances for respondent.
 Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.
 WILBUR K. MILLER, Circuit Judge.
 
 
 1
 January 27, 1953, the Brewery and Beverage Drivers and Workers Local Union No. 67 struck against the Washington Coca-Cola Bottling Works, Inc., and began picketing its plant. After about two weeks the picketing spread from the immediate vicinity of the plant to the premises of Coca-Cola's retail outlets. There the pickets displayed both "On Strike" and "Friends" signs, the latter urging the general public not to buy Coca-Cola. As a result some suppliers of other goods refused to make deliveries to the stores which were being picketed. Whenever an independent outlet agreed not to buy from the Coca-Cola's delivery men, the pickets were withdrawn.
 
 
 2
 Pursuant to charges filed jointly by Coca-Cola and one of its retail outlets, the National Labor Relations Board issued a complaint which, as amended, charged the Union with unfair labor practices in establishing a secondary boycott in violation of § 8(b)(4)(A), 29 U.S.C.A. § 158(b)(4)(A), and in restraining and coercing employees of Coca-Cola's customers in violation of § 8(b)(1)(A).
 
 
 3
 Shortly after the issuance of this complaint, the General Counsel of the Board filed a petition in the United States District Court for the District of Columbia for an injunction interdicting picketing away from the plant, pending final adjudication by the Board of the proceeding then pending before it. Such an injunction was granted May 11, 1953, after which picketing was confined to Coca-Cola's plant.
 
 
 4
 After a hearing on exceptions to a trial examiner's intermediate report, the Board held that, since Coca-Cola had a permanent place of business which could be and was being picketed, the "ambulatory situs" doctrine did not apply, and that the picketing of Coca-Cola's customers constituted unlawful picketing of secondary employers. The Union appeals from that ruling.
 
 
 5
 The Board exonerated the Union, however, of the charge that its picketing of Coca-Cola's customers had assumed such proportions as to interfere with the ingress and egress of their employees. Coca-Cola appeals from this ruling.
 
 
 6
 Both decisions of the Board were based on factual findings which we think were sustained by substantial evidence, and so are binding on us. National Labor Relations Board v. Crompton-Highland Mills, Inc., 1949, 337 U.S. 217, 69 S.Ct. 960, 93 L.Ed. 1320; E. Anthony & Sons v. National Labor Relations Board, 82 U.S.App.D.C. 249, 163 F.2d 22, certiorari denied, 1947, 332 U.S. 773, 68 S.Ct. 89, 92 L.Ed. 353. The order on review is
 
 
 7
 Affirmed.