320 F.2d 445
 MEEKINS, INC., Appellant,
v.
Harold A. BOIRE, Regional Director, Twelfth Region, National
Labor Relations Board, et al., Appellees.
CONE BROTHERS CONTRACTING COMPANY, Appellant,
v.
Harold A. BOIRE, Regional Director, Twelfth Region, National
Labor Relations Board Appellee.
 Nos. 19847, 19848.
 United States Court of Appeals Fifth Circuit.
 July 8, 1963.
 
 1
 Erle Phillips, Atlanta, Ga., Ralph R. Quillan, Hollywood, Fla., Fisher & Phillips, Atlanta, Ga., for appellant Meekins, Inc.
 
 
 2
 J. Rex Farrior, Jr., Tampa, Fla., Ray C. Muller, Atlanta, Ga., Jack S. Newsome, Tampa, Fla., Erle Phillips, Atlanta, Ga., for appellant Cone Bros. Contracting Co.
 
 
 3
 Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon Hirsh, Atty., Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Melvin J. Welles, Herman M. Levy, Attys., N.L.R.B., Washington, D.C., for appellees.
 
 
 4
 Before RIVES and CAMERON, Circuit Judges, and BOOTLE, District Judge.
 
 
 5
 BOOTLE, District Judge.
 
 
 6
 These two cases have so much in common that they were consolidated for oral argument and will now be decided together. In each case the appeal is from a judgment sustaining a motion to dismiss the complaint. It will be convenient, therefore to refer to appellants as plaintiffs and to appellees as defendants.
 
 
 7
 The main thrust of each complaint is against Harold A. Boire in his official capacity as Regional Director, Twelfth Region, National Labor Relations Board because of his refusal to exercise his authority and alleged duty under 10(l) of the National Labor Relations Act, 29 U.S.C.A. 160(l), to petition the district court 'for appropriate injunctive relief pending the final adjudication of the Board with respect to' a charge of unfair labor practice. Each complaint seeks injunctive relief against Boire enjoining him from refusing to petition the district court for such appropriate injunctive relief against the allegedly offending labor organization.
 
 
 8
 Meekins, Inc. sued both Boire and Local 290, Teamsters Union alleging that said Local caused pickets to be placed on a construction job at Coral Ridge Shipping Plaza where plaintiff was pouring concrete as a subcontractor for R. M. Thompson Company, the general contractor; That also on the job was Joseph Sullivan, another subcontractor who was responsible for placing and finishing the concrete poured by plaintiff; that both Thompson and Sullivan employed union members; that Local 290 did not represent plaintiff's employees and had no dispute with plaintiff, Thompson, Sullivan, or any other contractor working on the job; that the object of the picketing was to force Thompson, Sullivan, and others to cease using and dealing in the products of, and to cease doing business with plaintiff; that the effect of the picketing and appealing to the employees of Sullivan and others to refuse to work for their employer was that numerous union employees walked off the job bringing it to a standstill; that said activity was in violation of 29 U.S.C.A. 158(b)(4)(i)(ii)(B); that plaintiff's three primary places of business were away from said job site and plaintiff's truck drivers reported to one of these plants each morning and after each delivery returned to a plant for another load; that on April 25, 1962 plaintiff filed an unfair labor practice charge with Boire alleging the above; that on May 14, 1962 Boire wrote plaintiff that said charge had been carefully investigated and considered, that as a result of said investigation it appeared that, because there was insufficient evidence of violation, further proceedings were not warranted at that time, and that, therefore, Boire was refusing to issue a complaint in the matter, said letter concluding with the following paragraph:
 
 
 9
 'Pursuant to the National Labor Relations Board Rules and Regulations (Section 102.19), you may obtain a review of this action by filing a request for such review with the General Counsel of the National Labor Relations Board, Washington 25, D.C., and a copy with me. This request must contain a complete statement setting forth the facts and reasons upon which it is based. The request must be received by the General Counsel in Washington, D.C., by the close of business on May 18, 1962. Upon good cause shown, however, the General Counsel may grant special permission for a longer period within which to file.'
 
 
 10
 Cone Brothers Contracting Company sued only Boire alleging that plaintiff maintained its principal office and place of business in Tampa, Florida, where it was engaged as a general contractor in the business of constructing streets, highways, bridges, sewers, and excavations; that from May 25, 1960 to date the International Union of Operating Engineers, hereinafter called Engineers, had been actively engaged in picketing certain of plaintiff's business operations and certain of its work sites; that, as a consequence of certain of the picketing, plaintiff, in June 1960, filed unfair labor practice charges with Boire alleging violations of 29 U.S.C.A. 158(b)(4)(i)(ii)(B); that on the basis of said charges Boire, on June 16, 1960, petitioned the district court for injunctive relief against the Englineers' secondary picketing, alleging in said petition that there was reasonable cause to believe that Engineers were picketing in violation of said code section; that as result of the filing of said petition the Engineers and Boire entered into a settlement agreement on June 17, 1960 which provided, among other things, that the Engineers 'will not engage in any picketing at or in the vicinity of the General Portland Cement Company mine * * * or at or in the vicinity of the premises of any other person engaged in commerce or in an industry affectng commerce doing business with (plaintiff) * * *'; that on April 24, 1962 Engineers commenced picketing plaintiff at the premises and at the work site of employers doing business with plaintiff, and that this picketing caused work stoppages by employees of secondary employers; that plaintiff maintained a permanent place of business in Tampa where plaintiff's employees could be picketed without interfering with employees of neutral employers; that for the preceding twelve month period the Engineers had not picketed any of plaintiff's work sites where its employees alone were working; that the picketing complained of extended across the entire width of the secondary work site notwithstanding that plaintiff's employees at all times confined their work area to the eastern end of the work site; that the picketing followed the work schedule of the secondary employees notwithstanding that plaintiff's employees had a different work schedule; that on April 26, 1962 plaintiff filed with Boire a charge alleging violations of the secondary boycott provision of the Act; and that Boire caused an investigation to be made after the filing of the charge, knew all of the facts alleged by plaintiff, and, additionally, knew of the Engineers' breach of the settlement agreement.
 
 
 11
 Each complaint alleges in effect that Boire had reasonable cause to believe that the charges of unfair labor practices were true, that the respective unions were engaging in violations of the secondary boycott provision of the Act and that a complaint should be filed, and alleges further that Boire's refusal to proceed was arbitrary and capricious; additionally, Meekins, Inc. alleged on information and belief that before writing the letter of May 14, 1962 Boire or his agents asked for, and received, direction from the General Counsel of the National Labor Relations Board and that the refusal to issue a complaint was the result of direction from said General Counsel.
 
 
 12
 Meekins, Inc., in addition to the injunctive relief sought against Boire, also prayed for an injunction against Local 290 enjoining it from (a) picketing at Coral Ridge Shopping Plaza or the premises of any other person engaged in commerce doing business with plaintiff; and (b) engaging in any secondary picketing adversely affecting plaintiff.
 
 
 13
 In the Meekins case Boire filed a motion to dismiss on the grounds that: (1) the court lacked jurisdiction of the General Counsel of the Board who was an indispensable party; (2) the court lacked jurisdiction over the subject matter; and (3) the complaint failed to state a claim upon which relief could be granted. Local 290 filed two motions to dismiss, one upon the grounds that (a) the complaint failed to state a cause of action upon which relief could be granted; (b) the complaint failed to show why the relief prayed for should be granted; (c) there was an adequate remedy at law; (d) the plaintiff failed to exhaust its administrative remedies in that it had not appealed to the General Counsel the Regional Director's decision to refuse to issue the complaint; (e) only the Regional Director and not the plaintiff would be the proper party to bring the action; and (f) the refusal to issue a complaint and the refusal to apply for a preliminary injunction under the Act were purely within the discretion and determination of the Regional Director and the General Counsel, and the refusal to issue or to apply was not appealable to any administrative body or court under the Act; and the other upon the grounds that: (a) this matter has been preempted by the Act and final determination of the merits of the cause is solely within the jurisdiction of the Board and the federal appellate courts. and the district court was without jurisdiction; (b) the complaint sought final determination, whereas, at most, under the Act the district court could issue only a temporary restraining order pending final adjudication of the matter by the Board; and (c) if the complaint could be interpreted as a request for only a temporary restraining order then said order would be for no final or ultimate purpose and could not lawfully state under what situations it would become permanent or when it would be dismissed.
 
 
 14
 Upon these motions in the Meekins case the district court, concluding that it had no jurisdiction to grant either a permanent or temporary injunction against the union at the suit of the employer and that the complaint against Boire and the union failed to state a claim upon which the court could grant relief, entered its order dismissing the complaint.
 
 
 15
 In the Cone Brothers case, Boire filed his motion to dismiss upon the same grounds urged by him in the Meekins, Inc. case, and the district court sustained said motion being of the view that 'inasmuch as the instant complaint seeks by way of a mandatory injunction to compel the defendant to exercise his discretionary jurisdiction, this court is without jurisdiction of the subject matter and the complaint fails to state a claim upon which relief can be granted even if such jurisdiction would be present.'
 
 
 16
 As we stated at the outset, the main thrust of these complaints is against Boire in his capacity as Regional Director. While Meekins, Inc. joined Local 290 as a defendant and prayed for an injunction against it, it is clear that the district court had no jurisdiction to enjoin the union. The Norris-LaGuardia Act specifically prohibits the issuance of injunctions in labor suits except under certain circumstances which are not here alleged. 29 U.S.C.A. 107. Congress has entrusted to the National Labor Relations Board the responsibility of administering the Labor Acts and its final orders may be reviewed by the United States Courts of Appeals. 29 U.S.C.A. 160(e) and (f). Except for such appellate review the power of the Board in labor-management disputes concerning alleged unfair labor practices is exclusive. 29 U.S.C.A. 160(a); Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738 (1940); Myers v. Bethlehem Ship-building Corp., 303 U.S. 41, 48, 58 S.Ct. 459, 462, 82 L.Ed. 638, 642 (1938). See also San Diego Bldg. Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) and Dunn v. Retail Clerks Int'l Ass'n, 307 F.2d 285 (6th Cir. 1962). The district court was correct, therefore, in dismissing the Meekins, Inc. complaint insofar as it sought relief against the union.
 
 
 17
 With respect to each complaint insofar as it relates to Boire, the Regional Director, we need not reach any of the questions raised except as to the effect of plaintiffs' failure to exhaust their administrative remedies, because we are of the opinion that their failure in this regard prevents the maintenance of these suits.
 
 
 18
 Section 10(b) of the Act, 29 U.S.C.A. 160(b), empowers 'the Board, or any agent or agency designated by the Board * * * to issue * * * a complaint * * *' upon unfair labor practice charges filed. Section 3(d) of the Act, 29 U.S.C.A. 153(d) provides that the General Counsel of the Board shall exercise general supervision over the officers and employees in the regional offices and that 'he shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title, and in respect of the prosecution of such complaints before the Board * * *.' By regulations adopted pursuant to 6 of the Act, 29 U.S.C.A. 156, the Board has delegated authority to Regional Directors to issue such complaints which they are required to do 'if the charge appears to have merit.' 29 C.F.R. 101.8 and 102.15. Charges alleging violations of certain sections of the Act, including 8(b)(4)(B) involved in the cases at bar, are given priority over all other cases. 29 U.S.C.A. 160(e); 29 C.F.R. 101.4. If, after the investigation of a charge alleging a violation of 8(b)(4)(B), 29 U.S.C.A. 158(b)(4)(B), the Regional Director 'has reasonable cause to believe such charge is true and that a complaint shoudl issue, he shall, on behalf of the Board, petition any United States district court * * * for appropriate injunctive relief pending the final adjudication of the Board with respect to such matter.' 29 U.S.C.A. 160(l). Following issuance of the complaint the case is heard by a trial examiner and finally culminates in a Board decision and order. 29 C.F.R. 102.34-102.51, 101.10-101.14. The Board decision is then subject to review by the appropriate court of appeals pursuant to 10(e) and (f) of the Act, 29 U.S.C.A. 160(e) and (f).
 
 
 19
 If, on the other hand, the Regional Director's investigation reveals that 'there has been no violation of the * * * Act, or the evidence is insufficient to substantiate the charge' the Regional Director dismisses the charge. 29 C.F.R. 101.5 and 101.6. If the Regional Director refuses to issue the complaint 'the person making the charge may obtain a review of such action by filing a request therefor with the general counsel in Washington, D.C.' 29 C.F.R. 102.19. The Act contains no provision for reivew, either by the Board or the Courts, of the General Counsel's refusal to issue a complaint.
 
 
 20
 No reason appears why plaintiffs shoud be relieved from 'the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or a threatened injury until the prescribed administrative remedy has been exhausted.' Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50, 51, 58 S.Ct. 459, 463, 82 L.Ed. 638, 644 (1938). In our judgment not even the 'on information and belief' allegations of Meekins, Inc. that Boire or his agent asked for and received direction from the General Counsel and that the refusal to issue a complaint was the result of direction from the General Counsel should have the effect of relieving from this wholesome rule. Any informal or unofficial direction from the General Counsel to Boire encompassed by said allegation would partake too much of the nature of horseback or curbstone advice to take the place of the 'review' called for by 29 C.F.R. 102.19. There are good reasons why in these two cases all administrative remedies should be exhausted. The district court was asked to assume jurisdiction to determine a controversy over which it normally has no general jurisdiction, either initially or by review, a controversy which normally goes before the Board in the first instance and thence directly to a court of appeals, a controversy over which the Act gives to the district court only a limited jurisdiction in specific instances to issue a temporary injunction in aid of the jurisdiction of the Board. 29 U.S.C.A. 160(l). Moreover, the matters here involved under the scheme of the Act are left largely, if not exclusively, to the discretion of the Regional Director in the first instance, and then upon review to the discretion of the General Counsel. That discretion should be exercised in the manner prescribed by lawful regulations, that is, by having the Regional Director exercise his judgment in the first instance, and then by having that judgment reviewed by the General Counsel as required by 29 C.F.R. 102.19.
 
 
 21
 Nothing held in Levers v. Anderson, 326 U.S. 219, 66 S.Ct. 72, 90 L.Ed. 26 (1945), or in Glover v. United States, 286 F.2d 84, 90 (8th Cir. 1961), relied upon by plaintiffs, militates against the foregoing. In Levers it was held that a motion for reconsideration by the same person who had already rendered a decision was not in that particular case necessary as a prerequisite to court action. Then too, the regulations there involved provided only that the aggrieved person 'may file an application * * * for a reconsideration of such order' and that 'the Commissioner or district supervisor, with whom such application is filed, may hear the application', and the court pointed out that under these regulations 'there is (was) no assurance that a rehearing will (would) be granted * * *.' In the cases at bar the regulation provides positively that 'the person making the charge may obtain a review * * * by filing a request therefor'. Also, in the cases at bar, we are not concerned with a motion for reconsideration by one who has already ruled, but with a review by the official whom the Act vests with 'final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints * * *.' 29 U.S.C.A. 153(d). In Glover, there had already been four unsuccessful appeals by an inductee who claimed a conscientious objector classification from his classification of 1-A. Even there the court said that the rule 'is to be relaxed only under extremely exceptional and unusual circumstances.' P. 91 of 286 F.2d.
 
 
 22
 While we do not reach the merits of the complaints, we note in passing, and this further indicates the propriety of requiring a review by the General Counsel, that the Regional Director's refusal to file the complaints and to seek temporary injunctive relief in aid of the Board's jurisdiction was doubtless based upon his interpretation and application of the Board's recent decision in Plauche Electric, Inc., 135 NLRB No. 41 (January 12, 1962), in which the Board departed somewhat from its earlier decision in Brewery and Beverage Drivers and Workers Local 67 v. N.L.R.B. (Washington Coca-Cola Bottling Works, Inc. v. N.L.R.B.), 107 NLRB 299, enf'd, 95 U.S.App.D.C. 117, 220 F.2d 380 (1955), and held that the mere availability of another establishment where picketing might have been conducted away from a common construction situs will not make the picketing at the common situs per se unlawful. Defendants contend, with some plausibility, that plaintiffs' attack is really upon the Board decision in Plauche Electric, inc. This being so, it is all the more proper and necessary that plaintiffs be required to have the Regional Director's decision reviewed by the General Counsel before resorting to court action. Whether plaintiffs could successfully maintain suits like these against the Regional Director or the General Counsel, or both, after obtaining a review by the General Counsel in the event he affirmed the decision of the Regional Director we need not presently decide.
 
 
 23
 Because of the failure of plaintiffs to exhaust their administrative remedies, the judgments of the district court dismissing their complaints were correct and are
 
 
 24
 Affirmed.
 
 
 25
 CAMERON, Circuit Judge, concurs in the results.