330 F.2d 73
 Eugene and John JILKA, Appellants,
v.
SALINE COUNTY, KANSAS, Agricultural Stabilization and
Conservation Committee, Its Review Committee, and
United States of America, Appellees.
 No. 7476.
 United States Court of Appeals Tenth Circuit.
 April 6, 1964.
 
 Harold F. Crowther, Salina, Kan., for appellants.
 Frederick Abramson, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Newell A. George, U.S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, were with him on the brief), for appellees.
 Before BREITENSTEIN, HILL and SETH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case arose under the Agricultural Adjustment Act of 1938, as amended, 7 U.S.C. 1281 et seq. The Review Committee sustained the wheat allotment of the County Committee and imposed a penalty for overproduction. Suit was brought in the United States District Court attacking the order. The court dismissed the action and this appeal followed.
 
 
 2
 7 U.S.C. 1363 provides for a Review Committee 'composed of three farmers from the same or nearby counties appointed by the Secretary.' One of the members was from Rice County which does not adjoin Saline County. The northeast corner of Rice County is about five miles from the southwest corner of Saline County.
 
 
 3
 The purported ineligibility was not raised during the administrative proceedings. If any defect existed it was an irregularity which did not deprive the Review Committee of jurisdiction. See United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 38, 73 S.Ct. 67, 97 L.Ed. 54. In our opinion there was no defect. We construe 'nearby' as used in the statute to mean near or close at hand rather than adjoining or contiguous. In a state the size of Kansas the counties are nearby.
 
 
 4
 Other questions raised merit no consideration. The statute, 7 U.S.C. 1365, provides that a farmer dissatisfied with a determination by the Review Committee may, within 15 days after notice of the determination is mailed to him, bring an action in a United States District Court. See also7 U.S.C. 1366, 1367. The committee determination was mailed to appellants on January 24, 1962, and they make no claim that they did not receive it. The court action was filed on January 11, 1963. The statutory procedure for review is special and exclusive (Smith Land Co. v. Christensen, 10 Cir., 148 F.2d 184, 185); and failure to seek review in accordance therewith deprives the courts of jurisdiction to consider the administrative action (see Rigby v. Rasmussen, 10 Cir., 275 F.2d 861, 865). Reliance on the Administrative Procedure Act, 5 U.S.C. 1001 et seq., is misplaced. That act provides,5 U.S.C. 1009(b), that the 'proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute.' Nothing in the Administrative Procedure Act relieves appellants of the necessity of complying with the conditions precedent to judicial review set forth in the Agricultural Adjustment Act. Cf. Levers v. Anderson, 326 U.S. 219, 221-222, 66 S.Ct. 72, 90 L.Ed. 26. The trial court properly held that the action was not timely.
 
 Affirmed