**FIRST SAVINGS AND LOAN ASSOCIA-TION OF the BAHAMAS, LTD.,** Appellant,

v.

**SECURITIES AND EXCHANGE COM-MISSION,** Appellee.

No. 22572.

United States Court of Appeals Fifth Circuit.

March 29, 1966.

William E. Walsh, Jr., Walsh & Walsh, Miami, Fla., for appellant.

Philip A. Loomis, Jr., Gen. Counsel, S. E. C., David Ferber, Sol., S. E. C., Edward B. Wagner, Sp. Counsel, Gus J. Bennett, Atty., S. E. C., Washington, D. C., for appellee.

Before PHILLIPS,* JONES and BROWN, Circuit Judges.

* Of the Tenth Circuit, sitting by designation.

ORIE L. PHILLIPS, Circuit Judge.

This is an appeal from an order dismissing with prejudice an action seeking a declaratory judgment under 28 U.S.C.A. § 2201, on the grounds the complaint failed to state a claim upon which relief could be granted and the subject matter was not within the jurisdiction of the court.

The First Savings and Loan Association of the Bahamas, Ltd., hereinafter called the Association, in its complaint alleged these facts: It is a savings and loan association, chartered under the "Companies Act" at Nassau in the Bahamas. It is a resident of the Bahamas and has its principal and only place of business in Nassau.

It contends that it is exempt from the provisions of the Securities Act of 1933, as amended, (15 U.S.C.A. § 77a et seq.), hereinafter referred to as the Act, by virtue of the provisions of § 3(a) (5) thereof (15 U.S.C.A. § 77c(a) (5)).

On April 25, 1963, the Securities and Exchange Commission, hereinafter called the Commission, through its attorney in charge of its branch office at Miami, Florida, by letter, notified the Association that it had been violating the Act by using the mails and the instrumentalities of interstate commerce in offering for sale and selling its securities, without having filed a registration statement with respect to its securities with the Commission.

Thereafter, the Association obtained a legal opinion from a firm of lawyers in Miami, Florida, to the effect that it was exempt from the provisions of the Act by virtue of § 3(a) (5) thereof and caused a letter to that effect to be forwarded by such lawyers to the Chief Counsel of the Division of Corporation Finance of the Commission. Such letter requested the Chief Counsel to concur in the view expressed in the opinion. On June 26, 1964, the Chief Counsel replied that the

Division of Corporation Finance had consistently interpreted § 3(a) (5) to be inapplicable to securities issued by foreign organizations of the character described in such section and that he was unable to conclude the Association was within such exemption.

On September 3, 1964, the Association forwarded a letter to such Chief Counsel, requesting that the question of whether the Association was within the exemption of § 3(a) (5) be submitted to the Commission for a determination. To that request, on October 2, 1964, the Chief Counsel forwarded a letter signed by him to the Association, which, in part, stated:

> "Pursuant to your request, the matter has been submitted to the Commission and the Commission has authorized me to inform you that, in their opinion, the exemption contained in Section 3(a) (5) is not available to the Association."

Thereafter, the Association instituted this action for a declaratory judgment.

5 U.S.C.A. § 1004(d) provides:

> "The agency is authorized in its sound discretion, with like effect as in the case of other orders, to issue a declaratory order to * * * remove uncertainty."

If the applicant for a declaratory order is aggrieved thereby, he may obtain a review thereof in a Court of Appeals under § 9(a) of the Act (15 U.S.C.A. § 77i(a)).[1]

Rule 12(c) of the Rules of Practice of the Commission, in part here pertinent, provides:

> "Motions or applications calling for determination by the Commission shall be filed with the Secretary or other duly authorized officer of the Commission in writing, * * *. Any such motion or application shall be accompanied by a written brief of the points and authorities relied upon in support

---

1. National Van Lines, Inc. v. United States, 7 Cir., 326 F.2d 362; Frozen Food Exp. v. United States, 351 U.S. 40, 76 S.Ct. 569, 100 L.Ed. 730; Boston & Maine Railroad v. United States, D.C.Mass., 162 F.Supp. 289, appeal dismissed 358 U.S. 68, 79 S.Ct. 107, 3 L.Ed.2d 34.

of the same. \* \* \* Motions and applications will be considered on the ·briefs \* \* \*."

█ It is clear that the request in the letter of September 3, 1964, did not meet the requirements of such rule and no formal declaratory order was issued by the Commission. The only action taken was an informal reply from the Commission, through its Chief Counsel, to the effect that in the opinion of the Commission the exemption contained in § 3(a) (5) was not available to the Loan Association. We do not think that amounted to a declaratory order.[2]

█ We are of the opinion that the Association has an administrative remedy under § 1004(d), supra. It may by written motion or application, accompanied by a supporting brief filed with the Secretary or other duly authorized officer of the Commission, request the Commission to issue a declaratory order with respect to whether the Association is entitled to the exemption provided in § 3(a) (5), and in the event the declaratory order is adverse to the contention of the Association, it may obtain a review of that order by an appeal, pursuant to § 9(a) of the Act. We conclude that the Association should have pursued that remedy,[3] rather than to undertake to invoke the original jurisdiction of the United States District Court under the Declaratory Judgment Act, and that the action was properly dismissed.

However, the dismissal should not have been with prejudice. Remanded, with instructions to modify the order by striking the words "with prejudice" therefrom, and as so modified it will be affirmed.

2. Counsel for the Commission apparently agree with that view. In their brief they said:
"The Administrative Procedure Act does provide for the issuance of declaratory orders by agencies in Section 5(d), 5 U.S. C. 1004(d), thereof. *Had appellant sought a declaratory order under that section, the Commission* in its discretion *might have,* on the basis of a record made before it, *issued such an order.* This order could have been appealed

\* \* \* pursuant to Section 9(a) of the Securities Act, 15 U.S.C. 77i(a)." (Italics ours.)

3. Administrative remedies must be exhausted before resorting to the courts for relief. See: Union Oil Co. of California v. Federal Power Commission, 5 Cir., 236 F.2d 816, 818, 819; Meekins, Inc. v. Boire, 5 Cir., 320 F.2d 445, 449, Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50, 51, 58 S.Ct. 459, 82 L.Ed. 638.