310 F.Supp. 1333 (1969)
Mary A. BREMER, Plaintiff
v.
ST. LOUIS SOUTHWESTERN RAILROAD COMPANY, Defendant.
No. 69 C 1(1).
United States District Court, E. D. Missouri, E. D.
December 23, 1969.
*1334 Husch, Eppenberger, Donohue, Elson & Cornfeld, Stephen W. Skrainka and Thomas M. Carney, St. Louis, Mo., for plaintiff.
Alan C. Kohn, Coburn, Croft, Kohn & Herzog, St. Louis, Mo., for defendant.

MEMORANDUM OPINION AND ORDER
HARPER, Chief Judge.
Plaintiff brings this suit for injunctive relief and damages pursuant to 28 U.S.C.A. § 1343, alleging that her statutory right to be free from discrimination in employment because of her sex under Title VII of the Civil Rights Act of 1964 (the Act), 42 U.S.C.A. § 2000e-5(e) and (f) has been violated. This matter is presently before the court on motion by the defendant, St. Louis Southwestern Railroad Company (Railroad), to dismiss or in the alternative for summary judgment. Defendant asserts several grounds in support of its motion which basically presents two contentions: One, that this court lacks jurisdiction because plaintiff *1335 failed to exhaust administrative remedies under her collective bargaining agreement and the Railway Labor Act, 45 U.S. C.A. § 153; and two, that this court lacks jurisdiction because plaintiff failed to comply with 42 U.S.C.A. § 2000e-5(a) and (b) requiring timely filing of a charge of unlawful employment practice in writing, under oath, with the Federal Equal Employment Opportunity Commission (EEOC) as a prerequisite to the institution of a civil suit.
Plaintiff's amended complaint alleges the following facts: Plaintiff obtained initial seniority under defendant's agreement with the Order of Railroad Telegraphers on October 1, 1943, and from that date to the present has worked as a telegrapher, clerk-telegrapher, agent and agent-telegrapher for defendant. Plaintiff is presently an agent-telegrapher at Caruthersville, Missouri. In March, 1966, defendant sought bids for the position of Clerk-Telegrapher "ST" at the St. Louis General Office in St. Louis, Missouri. Plaintiff bid on that position and was senior bidder in amount of seniority. On April 8, 1966, the position was awarded to a male applicant with seniority dating from August 7, 1955.
On April 23, 1966, plaintiff lodged a charge in the form of a letter with the EEOC in Washington, D. C., alleging that she was denied the position because of discrimination on account of her female sex. On May 4, 1966, plaintiff's charge was referred to and filed with the Missouri Commission on Human Rights at Jefferson City, Missouri. On September 2, 1966, plaintiff requested the EEOC to proceed to determine her case. Plaintiff filed an amended charge on November 16, 1966. On September 1, 1967, the Missouri Commission advised plaintiff that the state investigation had terminated with a finding of no probable cause and that a request for reconsideration could be made within thirty days. On April 1, 1968, the EEOC determined that reasonable cause did exist, and on December 3, 1968, advised plaintiff that efforts at conciliation of her charge had failed. Thereafter, on January 2, 1969, plaintiff filed her complaint in the present action.
Defendant's primary contention is that plaintiff's suit is barred because she failed to exhaust contractual and administrative remedies available under the Railway Labor Act.
Section 3, First (i) of the Railway Labor Act, 45 U.S.C.A. § 153, First (i) provides:
"The disputes between an employee * * * and a carrier * * * growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions, * * * shall be handled in the usual manner up to and including the chief operating officer of the carrier designated to handle such disputes; but, failing to reach an adjustment in this manner, the disputes may be referred * * * by either party to the appropriate division of the Adjustment Board * * *."
Plaintiff and defendant are parties and subject to the labor agreement between defendant and its employees represented by the Order of Railroad Telegraphers, of which Article 13-1 provides in part:
"13-1. Except as per Article 13-2 permanent vacancies and permanent additional positions shall be bulletined to all employees on the division; bulletin to show location, position, hours of service and rate of pay and the senior employee covered by this agreement making written application within ten (10) days from date of bulletin, if competent, shall be assigned."
Defendant contends that Article 13-1 means that a refusal to assign because of plaintiff's female sex would be a violation of the Agreement. In that event, Article 27, as amended in 1954, of the Agreement provides that an employee who has a grievance is entitled to a hearing and succeeding appeals up to and including appeal to and hearing by the National Railroad Adjustment Board under the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq.
*1336 The Federal law pertaining to exhaustion of remedies is clear in cases where an employee asserts a contract grievance or minor labor dispute subject to the ultimate jurisdiction of the Railroad Adjustment Board. Thus, in Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), where an employee brought a suit for breach of contract for severance pay, the Supreme Court stated that federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the agreed-upon contract grievance procedure. Similarly, two recent Eighth Circuit cases held that exhaustion of available administrative procedures was necessary before equitable relief could be sought in the federal courts.
In Howard v. St. Louis-San Francisco Railway Company, 361 F.2d 905 (8th Cir. 1966), Negro train porters were denied relief in seeking to be reclassified as brakemen. The court held that only the Mediation Board had power to make class or craft determination, and absent a change in classification the issues presented a minor labor dispute with ultimate jurisdiction in the Railroad Adjustment Board.
And in Neal v. System Board of Adjustment (Missouri Pacific Railroad), 348 F.2d 722 (8th Cir. 1965), employees alleging racial discrimination in the abolition of existing positions and the establishment of new positions were denied equitable relief against the union and its officers because of failure to exhaust available administrative remedies.
There is no doubt that the contractual and statutory provisions constitute a system which may be utilized by plaintiff in asserting her rights under the collective bargaining agreement. And were plaintiff asserting a contractual right under the collective agreement, or a minor labor dispute, she would be foreclosed from judicial relief under the above-cited cases.
However, plaintiff contends that while she may have certain rights under the collective bargaining agreement, she is asserting statutory rights under Title VII, and therefore, the principle of exhaustion is not applicable.
It is the opinion of the court that the case of Norman v. Missouri Pacific Railroad, 414 F.2d 73 (8th Cir. 1969) is controlling. That case involved claims of racial discrimination under Title VII of the Act by train porters against the railroad and railway brakemen. The court recognizes that the facts are different from the present case, but the broad basis of the holding on the issue of whether the plaintiffs were required to exhaust remedies under the Railway Labor Act before seeking judicial relief makes the Norman case controlling. The court in Norman, states, pages 82-83:
"Title VII of the Civil Rights Act of 1964 by its express terms makes racial and other discrimination in employment and employment opportunities unlawful. This statute creates additional grounds for complaints based upon racially discriminatory practices of an employer. If the Supreme Court would give effect to a state anti-discrimination statute as in Colorado Anti-Discrimination Commission v. Continental Airlines, Inc., supra, [372 U.S. 714, 83 S.Ct. 1022, 10 L.Ed.2d 84], it would likely give effect to a federal statute barring racial discrimination in employment as is set forth in Title VII § 703 of the Civil Rights Act of 1964. The Railway Labor Act is not basically a fair employment practice act nor has it been utilized as such. Its basic purpose is to foster and promote collective bargaining between employees and employers with a provision for continuity of service to the public while setting up a detailed and elaborate procedure for the resolution of major and minor disputes that occur in the operation of the railroads. On the other hand Title VII of the Civil Rights Act specifically prohibits racial and other discrimination in employment and employment opportunities.
"We, therefore, do not think the plaintiffs are confined to their administrative *1337 remedies, which appear without further examination to be inadequate, under the Railway Labor Act. The enactment of Title VII provides a more extensive and broader ground for relief, specifically oriented towards the elimination of discriminatory employment practices based upon race, color, religion, sex or national origin. Title VII is cast in broad, all-inclusive terms setting up statutory rights against discrimination based inter alia upon race. The rights granted by this Title are enforceable by individuals in the District Courts, provided, of course, proper administrative channels are utilized as set forth in the act. Jenkins v. United Gas Corporation, 400 F.2d 28 (5 Cir. 1968); Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5 Cir. 1968). Failure to process a complaint through the administrative procedures required by the Act is ground for dismissal. Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4 Cir. 1967), cert. denied 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968).
"The plaintiffs here are not attempting to require that the parties bargain in good faith to implement the statutory policy embodied in the Railway Labor Act but are seeking immediate determination of practices made unlawful by Title VII. As contended by the amicus, we do not think that Congress intended to render the railroads immune from the efforts of their employees to pursue their statutory rights under Title VII. The railroads should not be allowed to escape the provisions of § 703 calling for the elimination of discriminatory employment practices by relying upon the provisions of the Railway Labor Act, any more than certified bargaining representatives may evade injunctive relief correcting invidious racial practices in disregard of their statutory responsibilities by relying on the Norris-LaGuardia Act. Virginian Railway Company v. System Federation, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789 (1937).
"[Brotherhood of] Railroad Trainmen v. Howard, supra, [343 U.S. 768, 72 S.Ct. 1022, 96 L.Ed. 1283], and Howard v. St. Louis-San Francisco Railway Co., 361 F.2d 905 (8 Cir. 1966) are concerned with questions of jurisdictional disputes between the train porters and brakemen, while the plaintiffs here seek not a determination of bargaining representative but the termination by the Railroad of racially discriminatory practices respecting assignment, classification, terms and conditions of employment. These are statutory rights, not contractual rights embodied in collective bargaining agreements.
"Surely Congress in the enactment of Title VII had in mind the granting of a new and enlarged basis for elimination of racial and other discriminations in employment. Title VII clearly is not a codification of existing law but is an enactment of a broad principle prohibiting discrimination against any individual `with respect to his compensation, terms, conditions or privileges of employment, because of * * * race, color, religion, sex, or national origin.'"
(Footnote omitted.)
It is clear that Title VII of the Act creates additional grounds for complaints based upon the discrimination in an employer's employment practices. And the language of the Norman case clearly encompasses discriminatory practices based upon sex. Causes of action arising under Title VII are not foreclosed by a failure to pursue administrative remedies.
Nor is this court of the opinion that a finding that the administrative remedies are inadequate is essential under Norman. While the administrative remedies in the Norman case were found to be inadequate, it is in no way clear that such a finding was necessary to the holding of the case. Rather, the contrary is indicated. The court stated at page 82: "Arguably some types of racial complaints might be cognizable by the National *1338 Railroad Adjustment or Mediation Board or the courts." Further, in the detailed and specific procedures necessary for the institution of a civil action set out in Title VII of the Act, neither the processing of a grievance through contractual machinery nor a finding of inadequacy thereof is noted as a condition precedent to a civil suit.
Plaintiff is not barred from bringing this action under Title VII of the Civil Rights Act of 1964 by her failure to pursue contractual and administrative remedies.
In its motion to dismiss, defendant asserts that plaintiff has failed to process her complaint according to the procedures required by § 2000e-5(a) and (b) of the Act in three particulars: One, failure to file a timely charge with the EEOC; two, failure to verify the charge filed with the EEOC; and three, failure to request reconsideration of the Missouri Commission decision. The rules and regulations of the EEOC (29 C.F.R. 1601 et seq.) issued under the authority of 42 U.S.C.A. § 2000e-12 negate defendant's contentions.
Under 42 U.S.C.A. § 2000e-5(b) no charge of an unlawful employment practice under Title 42 may be filed before the expiration of sixty days after proceedings have been commenced under state or local law, unless such proceedings have been earlier terminated. The unlawful employment practice plaintiff complains of in the present case occurred on April 8, 1966; plaintiff first notified the EEOC by letter on April 23, 1966; state proceedings were commenced on May 4, 1966, and terminated on September 1, 1967; plaintiff requested the EEOC to assume jurisdiction on September 2, 1966, and on November 16, 1966, plaintiff filed an amended complaint with the EEOC.
Plaintiff's letter of April 23rd to the EEOC contained all of the elements of a charge required by § 706(a) of the Act and 29 C.F.R. § 1601.11. However, under § 706(b), 42 U.S.C.A. § 2000e-5(b), the EEOC could not accept jurisdiction over the complaint until sixty days after the commencement of the state proceedings. IBEW Local No. 5 v. EEOC, 398 F.2d 248 (3 Cir. 1968).
Section 1601.12 of the regulations governs referrals to state and local authorities. Prior to its amendment in November, 1968, that section provided that the EEOC would not accept a charge for filing when it appeared that state or local proceedings had not been commenced, but would assist the aggrieved person in complying with § 706(b). 30 Fed.Reg. 8407 (1967). Accordingly, the EEOC referred the charge to the Missouri Commission on May 4th. At the conclusion of the sixty-day period, the EEOC notified the plaintiff that her right to invoke the federal authority had matured and asked if she desired that the Commission initiate proceedings under Title VII. All of this was done in accordance with the established procedure and regulations of the EEOC. On September 2nd, the plaintiff did request the EEOC to assert its jurisdiction. It is, therefore, September 2, 1966, on which the plaintiff's charge was filed. The present language of § 1601.12(b) recognizes the then existing procedures and explicitly states that the deferred charge is deemed filed with the EEOC upon the notification of the termination of the state proceedings or sixty days, whichever occurs first. Plaintiff was required to request the EEOC to assert jurisdiction; and such was done on September 2, 1966; whereas the present amended regulation provides that the charge is automatically deemed filed unless notified to the contrary.
On November 16, 1966, when the EEOC was ready to begin its investigation, the plaintiff was contacted for the purpose of putting her charge on the Commission's standard form and verified. This amended charge related back to the date of the filing on September 2, 1966. The fact that the original letter of April 23rd was not verified is not significant in view of the procedures and regulations of the EEOC. Most charges *1339 are received by the EEOC in the form of unverified letters. The subsequent verification of charges is and has been the standard practice of the EEOC. See, GC Opinion, November 10, 1965, CCH Employment Practice Guide ¶ 1255.65; and 29 C.F.R. § 1601.11(b). The complaint is not required to be dismissed because the charge was verified by amendment subsequent to the filing. Weeks v. Southwestern Bell Telephone Co., 408 F.2d 228 (5 Cir. 1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7 Cir. 1968). The court finds that the plaintiff has satisfied the requirements of filing a timely, verified charge.
Plaintiff's failure to request reconsideration of the Missouri Commission's decision does not deprive this court of jurisdiction. There is no provision in the Act which makes termination of state proceedings, much less reconsideration, a prerequisite to action by the EEOC or judicial relief, and defendant has cited no authority in support of its contention. Section 706(b) 42 U.S.C.A. § 2000e-5(b) requires the EEOC to defer to the state agency for a maximum period of sixty days. After the expiration of sixty days, the EEOC may assert its own jurisdiction. Section 706(b) 42 U.S. C.A. § 2000e-5(e) gives plaintiff the right to seek judicial relief thirty days after the EEOC notifies her that conciliation efforts have failed. On the face of the Act, the only time the termination of state proceedings is a jurisdictional prerequisite to judicial relief is when such proceedings terminate within the sixty-day period provided by 42 U.S.C.A. § 2000e-5(b). Here the Missouri Commission proceedings did not terminate until September 1, 1967, a year after the maximum deferral period. Even if the termination of state proceedings were required, a motion for reconsideration is not required in exhausting administrative remedies. Levers v. Anderson, 326 U.S. 219, 66 S.Ct. 72, 90 L.Ed. 26 (1945).
It is the opinion of the court that plaintiff has stated a cause of action under Title VII of the Civil Rights Act of 1964 and that the action is not barred.
Although it has not been brought to the attention of the court by either party, there is a further point which merits discussion. The question to be considered is whether the Order of Railroad Telegraphers and the individual now holding the position of Clerk-Telegrapher "ST" at the St. Louis General Office for which plaintiff bid are parties who should be joined if feasible within the meaning of Rule 19 of the Federal Rules of Civil Procedure.
Under Rule 19, the court must order joinder of certain designated persons if joinder is feasible. Specifically, the rule requires the joinder of a person if in his absence complete relief cannot be accorded among those already parties, or he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Rule 19 further provides that if the joinder of persons so described is not feasible, the court shall determine whether the action should proceed among the parties before it, or should be dismissed, the absent persons being regarded as indispensable.
The relief sought by plaintiff in this action is the elimination of discrimination against her on the basis of her sex, including damages and giving her the position which she bid for and which is now held by another individual.
Prior to the enactment of the Civil Rights Act of 1964, disputes of this nature were unquestionably solely within the province of the Railroad Adjustment Board. Title VII of the Act has created an additional remedy, without eliminating the prior one, and plaintiff has stated a cause of action under the Act. The problem that arises in this set of circumstances is one of possible inconsistencies *1340 and fragmentation. There is only one job in dispute. The individual now holding that job and the union representing him are not now parties to this suit. Any judgment in this suit is not binding upon those not parties to this suit. If plaintiff were to prevail, the individual in the disputed position may well decide to initiate and pursue proceedings for reinstatement under the collective bargaining agreement and the Railway Labor Act, with the possibility of an inconsistent result. At best there would be fragmentation and duplication of proceedings. At worst there would be confusion, a multiplicity of proceedings involving the same facts, and two persons entitled to one position.
The court is aware that no complaint has been filed against the absent parties with the EEOC. See, Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4 Cir. 1967). However, in the interest of uniformity and in consideration of the time, effort and expense involved in duplication, with the possibility of inconsistent results, it is the opinion of the court that the entire matter should be disposed of in one proceeding; either in this action or in administrative proceedings under the collective bargaining agreement and the Railway Labor Act. Accordingly, plaintiff, having initiated this action under Title VII of the Civil Rights Act of 1964, will be given thirty days to join the Order of Railroad Telegraphers and the individual now holding the disputed position.
Therefore, it is ordered that the plaintiff shall within thirty days join the Order of Railroad Telegraphers and the individual holding the disputed position. Upon the plaintiff complying with this order the defendant's motion to dismiss or in the alternative for summary judgment will be overruled in all particulars. If within the said thirty days the plaintiff does not comply with this order, at that time the court will dismiss this cause under proper order.