**Roger H. MATTSON, Plaintiff,**

v.

**MEDICAL DEVELOPMENT CORPORATION, a Utah corporation, and its registrar and transfer agent, Commercial Security Bank, Defendants and Third Party Plaintiffs,**

v.

**SECURITIES AND EXCHANGE COMMISSION, an agency of the United States Government, Third Party Defendant.**

No. C 83–71.

United States District Court, D. Utah, C. D.

July 8, 1971.

Thomas R. Blonquist, Salt Lake City, Utah, for plaintiff.

B. Lloyd Poelman, Salt Lake City, Utah, for Medical Development Corp.

Robert M. Anderson, Salt Lake City, Utah, for Commercial Security Bank.

Walter P. North, Associate Gen. Counsel, Securities and Exchange Commission, Washington, D. C., and G. Gail Weggeland, Securities and Exchange Commission, Salt Lake City, Utah, for Securities and Exchange Commission.

MEMORANDUM DECISION

CHRISTENSEN, District Judge.

The questions before me arise upon the motion of the third party defendant, Securities and Exchange Commission, to dismiss the third party complaint or, in the alternative, for summary judgment; motions of the defendants to dismiss the plaintiff's complaint; and motion of the plaintiff, informally entertained by the court at the hearing on June 7, 1971, to remand the action against the defendants to the state court.

Plaintiff's complaint, filed January 27, 1971, in the District Court of the Third Judicial District in and for Salt Lake County, seeks a judgment against the defendants requiring the removal of a restrictive legend from certain Medical Development Corporation stock owned by plaintiff. Prior to the expiration of the time to answer, the case came before the state court on an "order to show cause * * * why judgment should not be granted as demanded in plaintiff's complaint" on February 5, 1971. Based upon the February 5, 1971 hearing, the state court on February 11, 1971, entered findings of fact, conclusions of law, and an "Order", approved "as to form" by counsel for the defendants as well as the plaintiff, apparently finally resolving the issues raised by the complaint. It ordered the defendant Commercial Security Bank to convert into capital stock of the defendant Medical Development Corporation 1,000 shares out of a total of 5,000 restricted shares represented by certificate number 10554 owned by the plaintiff, "which one thousand (1,000) share certificate shall not bear any inscription or other notation which will prohibit, restrict or interfere with the sale, trade or exchange of the shares of stock represented thereby."

No motion for amendment, for a new trial, or for appeal was filed with refer-

ence to the latter order, but on March 8, 1971, based upon the motion of Medical Development Corporation, the court stayed the order for the prescribed reissuance of the stock "to permit defendant Medical Development Corporation forthwith to file with the court and to serve upon the Securities and Exchange Commission a third-party complaint and third-party summons, such stay of execution to remain in effect until the issues raised by the third party complaint may be heard on their merits."

The third party complaint against the Commission was filed as authorized by the court on March 8, whereby it was alleged, among other things, that the shares of stock in Medical Development Corporation which plaintiff asked to be made "free trading" were originally issued as investment stock pursuant to rules, regulations, and requirements of Securities and Exchange Commission; that the Commission through the office of its general counsel advised Medical Development Corporation that failure to retain in force the restriction upon transfer may constitute a breach and violation of federal law and that Medical Development Corporation may face prosecution, suspension, or other detriment by compliance with a removal of restriction or transfer of said stock as prayed by plaintiff. The prayer of the third party complaint was "that any order or judgment heretofore or hereafter entered by the court in this matter be made binding with equal effect upon third-party defendant Securities and Exchange Commission."

On March 23, 1971, the motion of defendant Medical Development Corporation to vacate the court's order of February 11, 1971, came before the court. It was not until June 3, 1971, however, that a formal order was entered denying said motion. In the meantime, the Securities and Exchange Commission on April 23, 1971, timely filed a petition for removal pursuant to 28 U.S.C. § 1442.

■ As far as the Securities and Exchange Commission is concerned the action is properly before this court, and its motion to dismiss should be and hereby is granted with prejudice. Even though the Commission were amenable to suit under these circumstances, which appears doubtful in view of the sovereign immunity of which it partakes, cf. United States v. Mel's Lockers, Inc., 346 F.2d 168 (10th Cir. 1965), the third party complaint does not state a claim against it upon which relief can be granted. The informal indication from counsel to the Commission that a no-action letter would not be issued was not such final agency action as to be reviewable under the Administrative Procedure Act, much less by virtue of any provision of the Securities Acts. Administrative remedies have not been exhausted. See First Savings & Loan Assn. of the Bahamas, Ltd. v. Securities and Exchange Commission, 358 F.2d 358 (5th Cir. 1966).

But perhaps more basically this attempt to shunt in advance the investigative, enforcement, and discretionary responsibilities of the Commission by such preclusive actions seems inconsistent with the system established by Congress for the functioning of the Commission in the public interest and the bringing or taking of actions as facts are developed in context.

The same difficulty indirectly might be detected in actions between a stockholder and an issuer or transfer agent seeking to establish free tradeability for the purposes of the Federal Securities Acts. The decision of a court, state or federal, in this respect, based simply upon a change of condition of the stockholder and out of context with the many other circumstances often marking the difference between legal and illegal actions in their broad aspects, at worst could be an eventual means for fragmented nullification; at best, as in this case, it could afford a false or illusionary assurance of protection by court order against charges of Securities Act violations in the future.

But with respect to the action between these original parties to the present proceedings, there can be hardly more than a recognition of the difficulties here. The case in the state court had already been resolved by court order before it was removed here on the petition of the Commission. While the stay granted by the state court suggests a hope that the difficulties pointed out above might be avoided by the involvement of the Securities and Exchange Commission, the subsequent refusal to vacate the judgment makes it clear that the stay was not intended to leave the matter tentative or interlocutory.

Hence, if the state court order or judgment disposing of plaintiff's complaint is so separable from the third party action as to be unaffected by the removal to this court, as plaintiff in effect argues, this court has no business with it. If the entire case, including the order or judgment, was removed by the Commission's petition, as contended by Medical Development Corporation, the result must be essentially the same, for this court would still be confronted with what at least appears to be a final judgment of a state court, and in seeking to go behind it would be confronted not only with difficulties of finality but of comity as well.

As unsatisfactory as this situation may be, the state court on remand of that element of the case will have at least as much, and probably more, opportunity and authority than this court otherwise would have to rectify such of the apprehended difficulties, if any, which may be deemed to warrant and permit correction.

Accordingly, this court, having acted upon the removal of the third party proceedings by dismissing the third party complaint, the issues between the plaintiff and the defendant—including the purported judgment, final or not—are hereby remanded to the District Court of the Third Judicial District in and for Salt Lake County, Utah.